# IN THE UNITED STATES COURT OF APPEALS
# FOR THE SIXTH CIRCUIT

| | |
|---|---|
| **CLARENCE FRY.** ) | |
| ) | **CAPITAL HABEAS CASE** |
| Appellant/Petitioner, ) | |
| ) | **CASE NO. 23-3270** |
| v. ) | |
| ) | |
| **TIM SHOOP, Warden,** ) | |
| ) | |
| Appellee/Respondent. ) | |

## APPELLANT CLARENCE FRY'S REPLY BRIEF

STEPHEN C. NEWMAN
Federal Public Defender
Ohio Bar No. 0051928

*/s/ Sharon A. Hicks*
SHARON A. HICKS
Ohio Bar No. 0076178
Assistant Federal Public Defender
Office of the Federal Public Defender
Northern District of Ohio
Capital Habeas Unit
1660 West Second Street, Suite 750
Cleveland, Ohio 44113
(216) 522-4856; (216) 522-1951 (f)
*Sharon_Hicks@fd.org*

**COUNSEL FOR APPELLANT
CLARENCE FRY**

*/s/ Kimberly S. Rigby*
KIMBERLY S. RIGBY
Ohio Bar No. 0078245
Managing Counsel, Death Penalty Dept.
Office of the Ohio Public Defender
*Kimberly.Rigby@opd.ohio.gov*

*/s/ Adam D. Vincent*
ADAM D. VINCENT
Ohio Bar No. 0098778
Assistant Public Defender
Office of the Ohio Public Defender
250 E. Broad Street, Suite 1400
Columbus, OH 43215
(614) 466-5394; (614) 644-0708 (f)
*Adam.Vincent@opd.ohio.go*

# **TABLE OF CONTENTS**

**Page No.**

Table of Contents ................................................................................................i

Table of Authorities............................................................................................ iii

**REPLY**..................................................................................................................1

**CLAIM FOR RELIEF 1(A)**: FRY WAS DEPRIVED OF HIS CONSTITUTIONAL RIGHT TO THE EFFECTIVE ASSISTANCE OF COUNSEL DURING THE TRIAL PHASE OF HIS CAPITAL TRIAL IN VIOLATION OF THE FIFTH, SIXTH, EIGHTH AND FOURTEENTH AMENDMENTS TO THE UNITED STATES CONSTITUTION WHEN HIS COUNSEL FAILED TO EFFECTIVELY COUNSEL AND RELAY THE STATE'S PLEA OFFER..............1

**CLAIM FOR RELIEF 1(B)**: TRIAL COUNSEL WERE INEFFECTIVE WHEN THEY PREVENTED FRY FROM EXERCISING HIS CONSTITUTIONAL RIGHT TO TESTIFY IN HIS OWN DEFENSE ......................................................................4

**CLAIM FOR RELIEF 2**: TRIAL COUNSEL WERE INEFFECTIVE WHEN THEY ALLOWED FRY TO WAIVE HIS RIGHT TO PRESENT MITIGATION EVIDENCE. BECAUSE TRIAL COUNSEL DID NOT INFORM FRY OF THE CONSEQUENCES OF WAIVER, THE WAIVER WAS NOT KNOWING, VOLUNTARY AND INTELLIGENT. .....................................................................6

**CLAIM FOR RELIEF 10**: THE TRIAL COURT VIOLATED FRY'S RIGHT TO TESTIFY IN HIS OWN DEFENSE WHEN THE COURT FAILED TO CONDUCT AN INDEPENDENT INQUIRY OF FRY .................................................................7

**CLAIM FOR RELIEF 11:** THE TRIAL COURT AND THE STATE OF OHIO VIOLATED FRY'S RIGHTS UNDER THE FIFTH, SIXTH, EIGHTH AND FOURTEENTH AMENDMENTS TO THE UNITED STATES CONSTITUTION WHEN THE COURT ERRONEOUSLY ALLOWED FRY TO WAIVE THE PRESENTATION OF MITIGATION EVIDENCE. .................................................8

**CLAIM FOR RELIEF 19:** FRY'S APPELLATE COUNSEL WERE INEFFECTIVE BY FAILING TO RAISE ON DIRECT APPEAL TO THE OHIO SUPREME COURT THAT FRY'S TRIAL COUNSEL PROVIDED INEFFECTIVE ASSISTANCE DURING THE PLEA BARGAINING PROCESS, DEPRIVING FRY OF HIS DUE PROCESS RIGHTS UNDER SIXTH AND FOURTEENTH AMENDMENTS OF THE UNITED STATES CONSTITUION .........................10

Conclusion ............................................................................................................. 11

Certificate of Compliance ..................................................................................... 12

Certificate of Service ............................................................................................ 12

## Table of Authorities

**Cases**                                                                                              **Page No.**

*Dedvukovic v. Martin*, 36 F.App'x 795 (6th Cir.2002) ............................................ 3

*Eddings v. Oklahoma*, 455 U.S. 104 (1982) .......................................................... 9

*Johnson v. Zerbst*, 304 U.S. 458 (1938) .............................................................. 7, 8

*Lafler v. Cooper*, 566 U. S. 156 (2012) .................................................................. 3

*Lockett v. Ohio* 438 U.S. 586 (1978) ...................................................................... 9

*Magana v. Hofbauer*, 263 F.3d 542 (6th Cir. 2001) ............................................... 3

*Payne v. Tennessee*, 510 U.S. 808 (1991) .............................................................. 9

*Titlow v. Burt*, 680 F.3d 577 (6th Cir. 2012) ......................................................... 3

*Woodson v. North Carolina*, 428 U.S. 80 (1976) ................................................... 9

**Statutes**

28 U.S.C. § 2254(e)(1) ............................................................................................. 4

**Constitutional Provisions**

U.S. Const. Amend. V .......................................................................................... 1, 8

U.S. Const. Amend. VI. .................................................................................. 1, 8, 10

U.S. Const. Amend. VIII. ..................................................................................... 1, 8

U.S. Const. Amends. XIV ............................................................................. 1, 8, 10

## **REPLY**

The State asserts in its briefing that Fry's claims lack legal and factual foundations for relief. (State's Brief, R.24, PageID#1-45.) As articulated fully in Fry's Merit Brief and highlighted in short below, Fry was deprived of his constitutionally guaranteed rights under the Fifth, Sixth, Eighth, and Fourteenth Amendments to the United States Constitution. As such, this Court should grant Fry relief by ordering a new trial or mitigation phase or remanding to the District Court with instructions to grant Fry's habeas petition.

### **CLAIM FOR RELIEF 1(A)**

**FRY WAS DEPRIVED OF HIS CONSTITUTIONAL RIGHT TO THE EFFECTIVE ASSISTANCE OF COUNSEL DURING THE TRIAL PHASE OF HIS CAPITAL TRIAL IN VIOLATION OF THE FIFTH, SIXTH, EIGHTH AND FOURTEENTH AMENDMENTS TO THE UNITED STATES CONSTITUTION WHEN HIS COUNSEL FAILED TO EFFECTIVELY COUNSEL AND RELAY THE STATE'S PLEA OFFER.**

The undisputed facts to which the State points demonstrate the failures of his trial counsel with regards to the plea offer. Trial counsel only discussed the State's plea offer with Fry for one hour, immediately before voir dire. (Trial Transcript., R.14-1, PageID#4494.) This was despite having been aware of the offer for "a week or two." *Id*.

The trial record demonstrates that trial counsel were conscious of their poor relationship and poor communication with Fry, leading up to the trial. The trial record shows that the relationship between Fry and trial counsel was strained and

colored by a lack of trust. Further, the record demonstrates Fry did not personally have a realistic understanding of the likelihood of success in his trial or on appeal, nor of the process in which he was enfolded. Effective and competent counsel would have ensured that Fry understood the full gravity and reality of his situation. Effective and competent counsel, knowing the evidence against their client, would have spent more time discussing the plea offer with him, and on more than one occasion.

    The State asserts that *Griffin* is inapplicable in this case because, in *Griffin*, the plea offer was never communicated to the defendant at all. (State's Brief, R.24, PageID#20.) In making this assertion, the State ignores the underlying rationale of *Griffin*: where counsel does not *adequately* communicate a plea bargain and there is a large disparity between the sentence offered and the sentence received, then counsel is ineffective, and a rebuttable presumption of prejudice is created. While in *Griffin* the plea bargain was not communicated *at all*, the utter absence of any communication is not the only situation in which the holding of *Griffin* applies. Especially light of the strained relationship that Fry had with his counsel, the failure of counsel to bring the plea offer to their client with adequate time to consider it fully, and then the failure to adequately explain that plea bargain and the situation to their client, is hardly better than failing to communicate it at all. However, even if

2

this Court agrees with the State that *Griffin* is not applicable to Fry's case, Fry still succeeds under governing law of *Lafler v. Cooper*, 566 U. S. 156, 170 (2012).

Under *Lafler*, to establish prejudice, Fry needs solely to demonstrate that the outcome of the plea process would have been different with competent advice. *Id*. at 163. He has done that here through his affidavit, which explains that, had he been properly counseled, he would have accepted the plea offer instead of proceeding to trial. Further, this Court has declined to adopt the requirement of other circuits that a defendant must offer additional objective evidence beyond the defendant's affidavit to support the assertion that the defendant would have accepted a plea offer. *Dedvukovic v. Martin*, 36 F.App'x 795, 798 (6th Cir.2002)(citing *Magana v. Hofbauer*, 263 F.3d 542, 548 n.1 (6th Cir. 2001). Thus, despite the State's assertions, Fry's affidavit would be sufficient alone to establish prejudice in his case. Even still, Fry presented additional evidence beyond his affidavit to support his claim of prejudice. (*See* Troccoli Affidavit R.13-2, PageID#1531-34.)

Fry's counsel failed to fulfill their "clear obligation to provide sufficient advice to him during the plea-negotiation stage." *Titlow v. Burt*, 680 F.3d 577 (6th Cir. 2012). The record clearly demonstrates that counsel's performance was deficient, falling below an objective standard of reasonableness. And Fry has adequately established prejudice. The state court's factual determinations to the contrary were unreasonable, and its analysis of prejudice contravened the governing

3

law. This Court should either grant him relief, ordering a new trial, or remand to the District Court with instructions to grant discovery and a hearing to prove that there existed a reasonable probability that Fry would have accepted the plea deal had he received effective assistance of counsel.

## CLAIM FOR RELIEF 1(B)

**TRIAL COUNSEL WERE INEFFECTIVE WHEN THEY PREVENTED FRY FROM EXERCISING HIS CONSTITUTIONAL RIGHT TO TESTIFY IN HIS OWN DEFENSE.**

The State points out that the "clear and convincing evidence" upon which Fry relies to show that the state court's findings of fact fail under 2254(e)(1) was presented to and rejected by the state courts. Indeed, it was that erroneous rejection of the clear and convincing evidence for which Fry now seeks relief in this Court. (State's Brief, R.24, PageID#23.)

The State goes on to assert that the only evidence of trial counsel having denied Fry his right to testify came from Fry's own post-conviction testimony. (State's Brief, R.24, PageID#26.) This is plainly incorrect. In addition to Fry's own testimony at the post-conviction stage, the testimony of Fry's family and the trial investigator all support Fry's assertion that he wanted to testify in his own defense. (R.14-2, PageID#6820, 6828; R.14-2, PageID#6880-6972.) And the most compelling evidence comes from Fry's trial counsel themselves, in the form of their testimony and handwritten notes, which indicate that Fry, at the very least, told his

4

counsel at various points in time that he wanted to testify. (Handwritten Notes, R.13-5, PageID#4260; R. 14-2, PageID#6738-42.) The most glaring example was a note in Attorney O'Brien's handwriting that was dated mid-trial, which immediately preceded when counsel told the court the exact opposite—that Fry had never vacillated in his decision and did not want to testify. Counsel then proceeded to immediately rest their case out of Fry's earshot, at sidebar. (R.14-2, PageID#6280; see generally, R.14-2, PageID#6277-91.)

That trial counsel believed it was strategically unsound for Fry to testify is not relevant. Fry had an unequivocal, constitutional right to testify in his own defense, if he desired to do so. The record demonstrates that Fry did want to testify and that his trial counsel misrepresented that desire, or at the very least any vacillation around that decision, to the trial court.

Despite these uncontroverted facts, the District Court denied Fry habeas relief. Any fair-minded jurist would recognize that Fry's counsel ignored Fry's wishes, misled the trial court, and actively prevented Fry from exercising his constitutional right to testify in his own defense. Accordingly, this Court should either grant Fry relief, ordering a new trial, or reverse and instruct the District Court to grant Fry's habeas petition.

# CLAIM FOR RELIEF 2

**TRIAL COUNSEL WERE INEFFECTIVE WHEN THEY ALLOWED FRY TO WAIVE HIS RIGHT TO PRESENT MITIGATION EVIDENCE. BECAUSE TRIAL COUNSEL DID NOT INFORM FRY OF THE CONSEQUENCES OF WAIVER, THE WAIVER WAS NOT KNOWING, VOLUNTARY AND INTELLIGENT.**

As articulated in Fry's merit brief, by the time his capital trial arrived at the mitigation phase, the attorney-client relationship had broken down entirely. Fry made an uncounseled and uninformed decision to waive mitigation because he no longer trusted his trial counsel at all and because he seriously misunderstood the appellate process and likelihood of success in subsequent proceedings. (Trial Transcript R.14-2, PageID#6548.)

The colloquy with the trial court regarding waiver did not cure the failure of trial counsel to effectively represent and engage with Fry. By the time of the trial court's inquiry, Fry utterly distrusted his counsel, the trial court, and the system in which he was caught up. The record shows that Fry did not fully grasp his situation, the importance of mitigation in a capital trial, or the capital appellate process, even during the colloquy with the trial court, as he repeatedly referenced his desire to get things over with and move on to his appeals. (Trial Transcript R.14-2, PageID#6544; Fry Affidavit R.13-2, PageID#1521.)

Trial counsel's myriad failures directly led to Fry's decision to waive mitigation. The findings to the contrary below were unreasonable. Through this

deficient performance of his trial counsel, Fry was denied his rights to effective representation, as guaranteed by the Sixth and Fourteenth Amendments. Accordingly, this Court should grant Fry relief, ordering a new mitigation phase, or reverse and instruct the District Court to grant Fry's habeas petition.

## CLAIM FOR RELIEF 10

**THE TRIAL COURT VIOLATED FRY'S RIGHT TO TESTIFY IN HIS OWN DEFENSE WHEN THE COURT FAILED TO CONDUCT AN INDEPENDENT INQUIRY OF FRY**

The trial court, when it inquired of trial counsel about Fry's desire to testify, was told that Fry did not want to testify, but that Fry was "playing a little game." (R.14-2, PageID#6324.) While trial counsel repeatedly and emphatically misrepresented to the trial court that Fry did not want to testify, the trial court was on notice that it should inquire directly of Fry once told that Fry was "playing a little game" about testifying – a statement that suggests, at the least, Fry expressed vacillation.

Fry does not assert that a trial court must always make a direct inquiry of a capital defendant about their desire to testify. Nor does Fry ask this Court to make such a holding. Fry asserts simply that, given "the particular facts and circumstances surrounding [this] case, including the background, experience, and conduct of the accused", the waiver of Fry's right to testify cannot be said to have been knowing and intelligent. *Johnson v. Zerbst*, 304 U.S. 458, 464.

Even in light of the misrepresentations by trial counsel, with the information before it, the trial court should have made a direct inquiry of Fry, because the trial court has a duty to indulge "every reasonable presumption against waiver." *Johnson*, 458 U.S. at 484.

Because there is no excuse for the deprivation Fry suffered, this Court should either grant Fry relief, ordering a new trial, or reverse and instruct the District Court to grant Fry's habeas petition.

## CLAIM FOR RELIEF 11

**THE TRIAL COURT AND THE STATE OF OHIO VIOLATED FRY'S RIGHTS UNDER THE FIFTH, SIXTH, EIGHTH AND FOURTEENTH AMENDMENTS TO THE UNITED STATES CONSTITUTION WHEN THE COURT ERRONEOUSLY ALLOWED FRY TO WAIVE THE PRESENTATION OF MITIGATION EVIDENCE.**

The State asserts that Fry lacks a factual or legal foundation for this claim. (State's Brief, R.24, PageID#35.) Neither assertion is accurate.

As to the absence of a legal foundation, the State points to the District Court's note that there is no Supreme Court precedent "establishing that a trial court must advise capital defendants on any particular issues" in the context of this claim. (R. 62, Opinion, Page ID 8364.) But Fry's claim, here and before the District Court, relies on well-established law from the United States Supreme Court.

The waiver of a constitutional trial right must be knowing, intelligent, and voluntary. *Johnson*, 304 U.S. at 464. Courts must "indulge every reasonable

presumption against waiver of fundamental constitutional rights." *Id*. Determining whether such a waiver is knowing and intelligent depends on the facts and circumstances of each case. *Id*. Further, the Supreme Court has emphasized over and over that all mitigating evidence must be considered in capital cases and that mitigation is a guaranteed constitutional right. *Payne v. Tennessee*, 510 U.S. 808, 822 (1991); *Woodson v. North Carolina*, 428 U.S. 80, 304 (1976); *Eddings v. Oklahoma*, 455 U.S. 104 (1982); *Lockett v. Ohio* 438 U.S. 586 (1978).

That the Supreme Court has not articulated exactly what a trial court must advise a capital defendant in a circumstance like Fry's does not nullify the application of the well-established precedent. Fry had a constitutional right to a mitigation phase. Any waiver of mitigation had to be made knowingly and intelligently. The trial court had a duty to ensure as such. Both the trial and reviewing courts had a duty to consider the specific circumstances and facts surrounding Fry's decision to waive mitigation in determining whether waiver was made knowingly and intelligently. The legal foundation is clear and historied.

The facts supporting Fry's claim are firmly established in the record and discussed in detail in his merit brief. In short, the utter collapse of Fry's relationship with counsel and their dereliction of duty rendered it such that no waiver of mitigation could possibly have been made knowingly, intelligently, and voluntarily. The trial court was at a minimum aware of a breakdown of the client-attorney

relationship and of Fry's confusion about his rights and the capital appeals process. Accepting the waiver in these circumstances denied Fry his constitutional right to have all mitigating information weighed as part of his sentencing.

The District Court failed to properly apply the existing law in weighing this claim. As such, this Court should either grant Fry relief, ordering a new mitigation phase, or remand to the District Court with instructions to grant discovery and a hearing to prove that Fry's waiver was not made knowingly, intelligently, and voluntarily.

**CLAIM FOR RELIEF 19**

**FRY'S APPELLATE COUNSEL WERE INEFFECTIVE BY FAILING TO RAISE ON DIRECT APPEAL TO THE OHIO SUPREME COURT THAT FRY'S TRIAL COUNSEL PROVIDED INEFFECTIVE ASSISTANCE DURING THE PLEA BARGAINING PROCESS, DEPRIVING FRY OF HIS DUE PROCESS RIGHTS UNDER THE SIXTH AND FOURTEENTH AMENDMENTS TO THE UNITED STATES CONSTITUTION.**

The State asserts that because Fry does not deserve relief in Claim 1(A) that relief under Claim 19 is precluded. Indeed, if Claim 1(A) lacked merit, it would appropriately follow that this claim – that the underlying merits of Claim 1(A) were not raised on direct appeal from Fry's conviction – similarly lacked merit. However, that is not the case.

As articulated above and in Fry's merit brief, trial counsel were ineffective and derelict in their duty regarding the plea offer presented by the State at the time of Fry's trial. Where Fry suffered from prejudicial ineffective assistance at trial, his

appellate counsel was also ineffective in failing to raise the issue on direct appeal. Competent appellate counsel would have identified, raised, and preserved the issue for review. In failing to do so, they absconded from their duty and their representation fell below an objective standard of reasonableness.

As such, this Court should grant Fry relief by reversing and instructing the District Court to grant Fry's habeas petition.

## CONCLUSION

For the foregoing reasons, as well as those articulated in Fry's Merit Brief, this Court should grant Fry relief by ordering a new trial or mitigation phase or remanding to the District Court with instructions to grant Fry's habeas petition.

Respectfully submitted,

STEPHEN C. NEWMAN (0051928)
FEDERAL PUBLIC DEFENDER

/s/ Sharon A. Hicks
SHARON A. HICKS (0076178)
Assistant Federal Public Defender
Lead Counsel
Office of the Federal Public Defender
Capital Habeas Unit, ND Ohio
1660 West Second Street, Suite 750
Cleveland, Ohio 44113
(216) 522-4856; (216) 522-1951(f)
Sharon_Hicks@fd.org

/s/ Kimberly S. Rigby
KIMBERLY S. RIGBY (0078245)
Managing Counsel, Death Penalty Dept.

/s/ Adam D. Vincent
ADAM D. VINCENT (0098778)
Office of the Ohio Public Defender
250 E. Broad Street, Suite 1400
Columbus, OH 43215
(614) 466-5394; (614) 644-0708 (f)
Kimberly.Rigby@opd.ohio.gov
Adam.Vincent@opd.ohio.gov

## CERTIFICATE OF COMPLIANCE

I hereby certify the above brief is comprised of 2,457 words, in 14-point Times New Roman font, as indicated by MS Word's computer-generated word count program, and, therefore, complies with Fed. R. App. P. 32(a)(7)(B).

## CERTIFICATE OF SERVICE

I hereby certify that on July 15, 2024, a true copy of the foregoing **Appellant's Reply Brief** was re-filed electronically. Notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's electronic filing system.

*/s/ Sharon A. Hicks*
SHARON A. HICKS